DJW/byk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GENERAL ELECTRIC COMPANY,

        Plaintiff,

                              CIVIL ACTION

vs.

                              Case No.: 05-mc-231-JWL-DJW

TONY BRADY,

        Defendant.

## ORDER

      General Electric Company ("General Electric") has filed this miscellaneous action seeking to quash or stay the District of Kansas subpoena duces tecum served upon non-party Tony Scaduto ("Scaduto") by Tony Brady ("Brady"). Brady is a former employee of General Electric who is pursing an age discrimination lawsuit in the Eastern District of Arkansas against General Electric captioned *Brady v. General Electric Company*.[1] In connection with that action, Brady served a subpoena duces tecum on Scaduto, a former General Electric employee who settled an age discrimination claim with General Electric, to produce "any and all documents that tend to establish, address, or concern age discrimination committed by . . . General Electric."[2] On December 2, 2005, General Electric filed its Motion for Protective Order to Quash or, Alternatively, to Stay Compliance With Subpoena Duces Tecum (doc. 1). By agreement of General Electric, Brady, and Scaduto, the deposition of Scaduto was cancelled pending this Court's

---

[1] Civ. A. No. 05-1080-GH (E.D. Ark.).

[2] Exh. 4 to Motion to Protective Order to Quash Subpoena (doc. 1).

resolution of General Electric's motion.

On January 13, 2006, Scaduto filed a Motion to Intervene, for *Ex Parte* Inspection of Documents, and for Protection from Parties' Discovery Dispute (doc. 9). The motion states that since General Electric filed its motion to quash Scaduto's subpoena, counsel for Brady, General Electric, and Scaduto have narrowed their dispute to five specific documents. Counsel for Scaduto provided the five documents to the Court for its in camera inspection. The five documents in dispute are generally described in the January 13, 2006 letter from Scaduto's counsel accompanying the documents as follows:

Document 1    June 30, 2004 settlement offer letter (with attachment) from Scaduto's counsel to GE regarding Scaduto's age claim.

Document 2    August 9, 2004 correspondence from Jim David (GE representative) to Scaduto regarding Level 2 of RESOLVE program (note: RESOLVE is a multi-tiered dispute resolution program at GE).

Document 3    August 26, 2004 letter (with attachments) from Scaduto's counsel to mediator and copied to GE's counsel.

Document 4    September 2, 2004 PowerPoint slides prepared by Scaduto's counsel and presented at mediation.

Document 5    GE/Scaduto settlement agreement and related correspondence between counsel for the parties.

On January 18, 2006, the Court conducted a telephone motion hearing on the Motion for Protective Order to Quash Subpoena filed by General Electric (doc. 1). Plaintiff General Electric appeared through counsel, Jill A. Morris and John G. Harrison. Defendant Tony Brady appeared through counsel,

Luther O. Sutter.  Intervenor Tony Scaduto appeared through counsel, Joseph Knittig.  After hearing the respective arguments of counsel, the Court made the following rulings at the motion hearing:

(1) The Motion to Intervene, for *Ex Parte* Inspection of the Documents and for Protection from Parties' Discovery Dispute (doc. 9) is granted.  Anthony Scaduto, whose documents are at issue in the Motion for Protective Order to Quash Subpoena Duces Tecum, is hereby granted leave to intervene in this action.

(2) Plaintiff General Electric Company's Motion for Protective Order to Quash or, Alternatively, to Stay Compliance with Subpoena Duces Tecum (doc. 1) is granted in part and denied in part.  The motion is granted as to Documents 2, 3, 4, and 5 and denied as to Document 1.  The Court finds that Documents 2, 3, and 4 were all prepared as part of a mediation process and, under the principles set forth in D. Kan. Rule 16.3(i), shall not be discoverable or subject to compulsory process by the District of Kansas subpoena duces tecum.  With regard to Document 5, Brady advised the Court at the motion hearing that he does not seek discovery of the settlement agreement between Scaduto and General Electric.  The Court will therefore grant General Electric's Motion for Protective Order to Quash Subpoena as to Document 5.  The Court further finds that Document 1 does not appear to be directly related to the Scaduto/General Electric mediation, and is therefore discoverable by Brady.  Document 1 shall be produced subject to an agreed protective order limiting its disclosure to Brady's current litigation against General Electric.  If General Electric and Brady are able to agree upon a protective order, then they shall submit their agreed protective order to the Court.  If they are unable to submit one mutually-agreeable

protective order, then each shall submit their proposed protective order to the Court.

(3) This Order is stayed for twenty (20) days in order to give any party an opportunity to seek further relief.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas, this 19th day of January, 2006.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc: All counsel